**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

DAWN MELETIA CAMPBELL JOHNSON,

        Plaintiff,

v.

MICHAEL GIORDANO,
GREG GIORDANO,
ELISA GIORDANO,

        Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, DAWN MELETIA CAMPBELL JOHNSON ("Johnson"), brings this action against Defendants, MICHAEL GIORDANO ("M. Giordano"), GREG GIORDANO ("G. Giordano"), and ELISA GIORDANO ("E. Giordano"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Johnson was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. M. Giordano is an FLSA employer as defined in 29 U.S.C. § 203(d), was directly involved in decisions affecting Johnson's duties, compensation, and hours worked.

4. G. Giordano is an FLSA employer as defined in 29 U.S.C. § 203(d), was directly involved in decisions affecting Johnson's duties, compensation, and hours worked.

5. E. Giordano is an FLSA employer as defined in 29 U.S.C. § 203(d), was directly involved in decisions affecting Johnson's duties, compensation, and hours worked.

6. At all times material hereto, Johnson was an employee in the domestic service of a home and performing a variety of domestic services as defined by 29 U.S.C. § 202, was engaged in commerce, and is individually covered under the FLSA.

7. M. Giordano and G. Giordano, and E. Giordano were joint employers of Johnson under the FLSA, shared control of Johnson's services, had Johnson acting in their mutual interest, and shared common control of Johnson.

8. Johnson worked for Defendants as a home health aide.

9. Defendants failed to pay Johnson's full and proper minimum wages.

10. Defendants failed to pay Johnson's full and proper overtime wages.

11. Defendants knowingly and willfully refused to pay Johnson's legally-entitled wages.

12. Attached as **Exhibit A** is a preliminary calculation of Johnson's claims. These amounts may change as Johnson engages in the discovery process.

13. Johnson retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

        Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791